# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

MARK LYDELL DIXON, V96657,

Petitioner,

v.

WARDEN,

Respondent.

Case No. 21-cv-03350-CRB (PR)

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**

## I.

Petitioner, a state prisoner incarcerated at the California Medical Facility (CMF) in Vacaville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of CMF medical officials to involuntarily medicate him.

## II.

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, petitioner seeks relief from the decision of CMF medical officials to involuntarily medicate him despite the purported denial of a petition to involuntarily medicate petitioner by a

state administrative law judge. But success on petitioner's challenge – an order invalidating the decision of CMF medical officials to involuntarily medicate him – would not necessarily lead to his immediate or earlier release from confinement. See Skinner, 562 U.S. at 534. Put simply, petitioner's challenge to the decision of CMF medical officials to involuntarily medicate him does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of CMF medical officials to involuntarily medicate him is DISMISSED without prejudice to bringing a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California, in whose venue CMF lies and the pertinent prison medical officials presumably reside. See 28 U.S.C. § 84(b).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: May 25, 2021

CHARLES R. BREYER
United States District Judge